IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,380
 





EX PARTE NOLAN HARRELL WEBB, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TRAVIS COUNTY


IN CAUSE NO. 003612

IN THE 299TH DISTRICT COURT




 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of murder and was sentenced to confinement for fifty years. Applicant appealed, and
his conviction was affirmed. Webb v. State, No. 03-00-00613-CR (Tex. App.--Austin,
delivered November 29, 2001, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate counsel did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, based on an affidavit from appellate counsel, recommended that relief be granted. The
record reflects that counsel did not timely inform Applicant that his conviction had been
affirmed or that he could file a petition for discretionary review pro se from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 003612 from
the 299th Judicial District Court of Travis County. Applicant is ordered returned to the point
at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: April 12, 2006

DO NOT PUBLISH